ON WRIT OF CERTIORARI

LAMAR, Justice,
for the Court:
¶ 1. Charles Bester pleadéd guilty to forcible rape, and the trial judge sentenced him to life imprisonment. ' Bester petitioned’for post-conviction relief (PCR), arguing that the forcible-rape statute allows only a jury to impose a life sentence, and absent a recommendation from a jury, a trial judge is powerless to impose such a sentence. The trial court and the Court of Appeals rejected this argument and denied Bester’s PCR motion. We agree with both courts and affirm.
PACTS AND PROCEDURAL HISTORY
¶ 2. The following facts are adopted from the Court óf Appeals’: decision:
During' the January‘1992 Jones County term, a grand jury indicted Bester in cause -number 7791 on two counts: Count I was the forcible rape of [name deleted] in violation of Mississippi Code annotated section 97-3-65 (Rev.1985); Count II was the Robbery of [name deleted] in violation of Mississippi Code Annotated section 97-3-73 (1972).
Oh August 31, 1992, and pursuant to a plea- agreement, Bester pled guilty to both counts. According to the sentencing order filed the same day, the circuit court accepted Bester’s pleas as “entered freely, voluntarily, and intelligently.” The sentencing order also states: “The circuit court is further advised by Bester, Bester’s counsel, and the State’s attorneys that plea negotiations have been conducted and that the recommen *528 dation of the State is mutually acceptable to all parties.” The circuit court accepted the State’s recommendation that Bester be sentenced to life in the custody of the MDOC for the charge of rape and to seven years in the custody of the MDOC for the charge of robbery, with both sentences to run concurrently to each other. It was so ordered.
On September 14, 2012, Bester filed a “motion to correct an illegal sentence,”[1] alleging that a life sentence for the crime of forcible rape must only be imposed by a jury. And because a jury did not impose his life sentence, he claimed he was “laboring under a sentence, of which the circuit judge had no authority to impose. Thus making his current sentence of life ... an illegal sentence.” Additionally, Bester claimed that because his sentence is illegal, he has presented an exception to the time-bar. Analyzing Bester’s motion as a PCR motion, the circuit court summarily dismissed the motion as time-barred, and found “the merits of Bester’s PCR motion entitled him to no relief and no hearing....”
Bester v. State, 188 So.3d 576, 577, 2014 WL 3720550, at *1 (Miss.Ct.App.2014) (alterations omitted).
¶ 3. The Court of Appeals rejected both of Bester’s arguments and affirmed the trial court’s judgment. We granted Bes-ter’s petition for certiorari. After reviewing Bester’s pro se arguments, we invited the Appellate Practice Section of the Mississippi Bar to designate one or more of its members to brief several additional issues on Bester’s behalf, as pro bono amici curiae. We have carefully reviewed the supplemental briefs filed by Bester, the State and the amici curiae, and we now affirm the judgments of the Court of Appeals and the trial court.
STANDARD OF REVIEW
¶ 4. “When reviewing a trial court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Twillie v. State, 892 So.2d 187, 189 (Miss.2004) (citation omitted). But we review questions of law de novo. Id.
DISCUSSION
¶ 5. The sole issue before us is whether the trial judge had the authority to sentence Bester to life imprisonment, absent a recommendation from the jury. We hold that he did.
¶6. Bester pleaded guilty and'was sentenced under Mississippi Code Section 97-3-65(2)[2] which states, in pertinent part:
[Ujpon conviction, [the defendant] shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the juiy fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the State Penitentiary for any term [3] as the court, in its discretion, may determine.
(Emphasis added.) The statute’s plain language authorizes a trial judge to sentence a defendant to imprisonment “for *529 any term as the court, in its discretion, may determine.” Miss.Code Ann. § 97-3-65(4)(a) (Rev.2014) (emphasis added). “Any term”' includes life imprisonment. “Our law has long provided that the imposition of sentence following a criminal conviction is a matter within the discretion of the Circuit Court, subject only to statutory and constitutional limitations.” Jackson v. State, 551 So.2d 132, 149 (Miss.1989) (emphasis added). Bester’s sentence violates neither. And “[s]o long as these are not offended, we rarely interfere.” Id. As such, Bester’s sentence is not illegal..
¶ 7. Bester argues, and we acknowledge, that this Court previously has interpreted this statute to prohibit a trial judge from sentencing a defendant to life imprisonment without a jury recommendation.[4] We also are cognizant of the principle of stare decisis: “[e]ven though this Court’s previous interpretation of a statute was (in the current Court’s view) erroneous, we must continue to apply the incorrect interpretation.” Bell v. State, 160 So.3d 188, 195 (Miss.2015).
¶ 8. But “stare decisis is not an inexorable command.” Payne v. Tennessee, 501 U.S. 808, 828, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). And this Court has declined to continue applying an incorrect interpretation when we find that it is “ ‘pernicious,’ ‘impractical,’ or ‘mischievous in ... effect, and resulting in detriment to the public.’ ” Id. (citations omitted). “ ‘Pernicious’ is defined as ‘having a harmful effect, especially in a gradual or subtle way.’ ” Hye v. State, 162 So.3d 750, 765 n. 6 (Miss.2015) (Kitchens, J., dissenting)^ We think it pernicious, i.e., harmful, for this Court to continue to exceed its constitutional authority by judicially amending Section 97-3-65(4)(a) and limiting a judge’s sentencing authority as established by the Legislature.
¶ 9. Sentencing is solely within the Legislature’s purview, and for a conviction of forcible rape, the Legislature has chosen to give a trial judge the authority to sentence a defendant to any term he or she deems appropriate, if a jury fails to fix the term at life. And in other contexts when the Legislature has chosen to restrict a trial judge’s sentencing options to a term of years, it has clearly and specifically done so. For example, the kidnapping statute contains almost identical language regarding the jury’s “fixing” of the penalty and states that one convicted of kidnapping
upon conviction, shall be imprisoned for life in the custody of the Department of Corrections if the punishment is so fixed by the jury in'its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life, the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the custody of the Department of Corrections.
Miss.Code Ann. § 97-3-53 (Rev.2014) (emphasis added). These minimum and maximum sentencing guidelines are noticeably absent from Section 97-3-65(4)(a).
¶ 10. In short, we simply cannot continue to ignore the plain language of Section 97-3-65(4)(a). The Legislature chose not to limit a trial judge’s sentencing options, ahd today we return to a faithful application of Section 97-3-65(4)(a)’s plain language. We do so because of our “constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation.” Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 820 (Miss.2006). To the extent that Luckett v. State, Friday v. *530 State, and Lee v. State hold otherwise, they are hereby expressly overruled.
¶ 11. As a final note, because Bester’s sentence is not illegal, we agree with the Court of Appeals that Bester’s motion is barred as a successive writ and is time-barred as well. Bester, 188 So.3d at 579, 2014 WL 3720550, at *4. See also Rowland v. State, 98 So.3d 1032, 1035-36 (Miss.2012).
CONCLUSION
¶ 12. The trial judge had statutory authority to sentence Bester to life imprisonment, absent a recommendation from the jury. We therefore affirm the trial court’s and the Court of Appeals’ denial, of his PCR motion.
¶ 13. AFFIRMED.
DICKINSON AND RANDOLPH, P.JJ., COLEMAN AND BEAM, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., AND KING, J. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION . JOINED BY WALLER, C.J., AND KITCHENS, J. MAXWELL, J., NOT ' PARTICIPATING.

. This was Bester’s second PCR; he filed his first in 2006.

. Presently, the forcible-rape statute is codified as Mississippi Code Section 97-3-65(4)(a) (Rev.2014).

.We emphasize that our statute allows the court to fix the penalty of imprisonment “for any term,” rather than for "a term of years” or “any term of years.” And despite the protestations of the dissenters, we note that this Court and the Court of Appeals have used the phrase "term of life imprisonment” in at least 233 opinions.

. See, e.g., Luckett v. State, 582 So.2d 428 (Miss.1991); Friday v. State, 462 So.2d 336 (Miss.1985); and Lee v. State, 322 So.2d 751 (Miss.1975).