# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00542-COA

**VINCENT YOUNG A/K/A VINCENT EDWARD YOUNG A/K/A VINCENT E. YOUNG**　　　　　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/05/2016 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VINCENT YOUNG (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 10/03/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**FAIR, J., FOR THE COURT:**

¶1.　　In 1990, Vincent Young pled guilty to armed robbery. In exchange for joining the State's recommendation that he receive a life sentence, the prosecution dropped an aggravated assault count and agreed not to prosecute Young as a habitual offender on the armed robbery charge. The circuit court followed the agreed recommendation and sentenced Young to life imprisonment under Mississippi Code Annotated section 97-3-79.

¶2.　　Now, more than twenty-five years later, Young has filed a motion for post-conviction relief, claiming that his sentence was illegal because under the prevailing interpretation of the statute at the time of his offense, only a jury could sentence him to life imprisonment for

armed robbery. The Mississippi Supreme Court recently abandoned that interpretation of the statute's operative language, holding that statutes which permit the trial court to sentence a defendant to "any term" of incarceration include life sentences. *Bester v. State*, 188 So. 3d 526, 529-30 (¶¶7-10) (Miss. 2016). The circuit court dismissed Young's petition, finding it both time-barred and without merit under *Bester*. On appeal, Young acknowledges that his sentence is legal in light of *Bester*, but he contends that applying *Bester*'s holding to him amounts to an ex post facto law. We find that Young waived his right to challenge his sentence by joining the State's recommendation. We also conclude that Young's sentence was legal under *Bester* and that *Bester* did not violate the Ex Post Facto Clauses of the Mississippi and United States Constitutions. We affirm the circuit court's dismissal of Young's PCR motion.

## STANDARD OF REVIEW

¶3.    The circuit court may summarily dismiss a PCR petition "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]" Miss. Code Ann. § 99-39-11(2) (Rev. 2007). "On appeal, this Court will affirm the summary dismissal of a PCR [petition] if the petitioner has failed to demonstrate 'a claim procedurally alive substantially showing the denial of a state or federal right.'" *Flowers v. State*, 978 So. 2d 1281, 1283 (¶5) (Miss. Ct. App. 2008) (quoting *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)). We review questions of law de novo. *Johnson v. State*, 962 So. 2d 87, 89 (¶8) (Miss. Ct. App. 2007).

2

## DISCUSSION

¶4.     Young argues that his claim is not subject to the time-bar because his fundamental constitutional rights were violated by an illegal sentence. "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar. *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010). Rather, "there must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Id*.

¶5.     Young acknowledges that his sentence is legal today in light of *Bester v. State*, 188 So. 3d 526, 529-30 (¶¶7-10) (Miss. 2016), where the Mississippi Supreme Court held that statutes that permit the trial court to sentence a defendant to "any term" include sentences of life imprisonment. Young argues, however, that at the time he was sentenced, the controlling precedent of the Mississippi Supreme Court held that only a jury could pronounce a life sentence for armed robbery. *See, e.g., Stewart v. State*, 372 So. 2d 257, 258 (Miss. 1979).

¶6.     First of all, it is apparent that Young has waived any right to challenge the sentence he received. Young voluntarily agreed to his life sentence as part of his plea bargain. The circuit court's order accepting Young's plea and imposing his sentence explained that the State "agreed to reduce that portion of the indictment charging [Young] as a habitual offender in return for the acceptance by [Young] of a sentence of life imprisonment, as a

3

non-habitual, for the offense of [armed] robbery." The parties to the plea bargain even agreed that if Young's life sentence is ever set aside, the State's "agreement to reduce the habitual offender portion of the indictment will have been abrogated and the said habitual offender portion of the indictment will be restored . . . upon the request of the State." Young voluntarily accepted a life sentence with the possibility of parole[1] in order to avoid a life sentence without the possibility of parole as a violent habitual offender. And the circuit judge who accepted Young's plea found that it was "freely, voluntarily, knowingly, and intelligently made."

¶7.    In this Court's opinion in *Bester*, on materially indistinguishable facts, we held that the defendant waived any objection to the legality of his life sentence by voluntarily agreeing to the sentence as part of his plea bargain. *Bester v. State*, 188 So. 3d 576 (Miss. Ct. App. 2014), *aff'd on other grounds*, 188 So. 3d 526 (Miss. 2016). We reasoned that "Bester's sentence [was] not an illegal sentence, as life imprisonment is a sentence permitted as a lawful punishment for forcible rape, albeit when imposed by a jury." *Id.* at 578 (¶9). Therefore, there was "no public-policy concern that Bester received a sentence not authorized by statute." *Id.* We further reasoned that "[b]y pleading guilty and negotiating a 'mutually acceptable' plea agreement, Bester . . . waived his right to a trial by a jury of his peers, and also the right for the jury to impose his sentence." *Id.* at 580 (¶14). We held that Bester

---

[1] A prisoner convicted of armed robbery prior to October 1, 1994, is eligible for parole after he has served ten years. Miss. Code Ann. § 47-7-3(c)(i) (Rev. 2015).

could not, years later, "trifle with the circuit court and effectively renege on his plea agreement after he freely and voluntarily waived his right to have a jury impaneled for his trial and sentencing." *Id.* at (¶15).

¶8. The supreme court affirmed on other grounds in *Bester*, but it did not disapprove of this Court's opinion. This Court's opinion remains good law, and its reasoning applies to the facts of this case. The record is clear that Young voluntarily agreed to a life sentence in order to avoid the risk of a sentence of life without the possibility of parole. By doing so, he waived any right to jury sentencing or to claim that his sentence is "illegal."

¶9. Moreover, as the supreme court held in *Bester,* Young's sentence was legal.[2] Young himself concedes that *Bester* controls; he just disputes the constitutionality of its application to him. We shall address that issue in turn, but since this Court does not unanimously agree that *Bester* controls, we will explain our reasons for finding it to be controlling precedent in this case. The Mississippi Supreme Court held in *Bester* that the language of the statute, which provided that the court could sentence the defendant to "any term" in the state penitentiary, meant what it appeared to say – the court could sentence the defendant to any term, including life imprisonment, even if no jury had chosen that punishment. *Bester v.*

---

[2] Although we address this point in the alternative, as this Court routinely does in post-conviction cases, our alternative holding on this point is not dicta. "[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum." *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949); *see also In re Hearn,* 376 F.3d 447, 453-54 n.5 (5th Cir. 2004) ("It is well-established that alternative holdings of this Court are binding on future panels.").

*State*, 188 So. 3d 526, 529-30 (¶¶7-10) (Miss. 2016).  The problem, according to the separate opinion, is that *Bester* concerned the rape statute, while today's case concerns the armed robbery statute.  The separate opinion reasons that even though the operative language of the armed robbery statute and the operative language of the rape statute are identical, this Court lacks the authority to apply the holding in *Bester* because the supreme court did not expressly overrule any of its prior decisions addressing the armed robbery statute.

¶10.    We certainly agree with the separate opinion that this Court, as an intermediate appellate court, lacks the authority to overrule decisions of the Mississippi Supreme Court.  Nor do we claim the authority to ignore precedent because this Court believes the supreme court would rule differently if it were to decide the case anew.  We find *Bester* controlling because, although it only expressly overruled rape cases, the supreme court's former interpretation of the armed robbery statute was expressly derived from a rape case that was directly overruled by *Bester*.  The holding in *Bester* was not premised on anything unique to the rape statute.  Instead, the court spoke to the construction of specific statutory language – language that has direct application to today's case because it is also used in the armed robbery statute.  The supreme court in *Bester* noted the "any term" language of the rape statute and held:

> "Any term" includes life imprisonment.  "Our law has long provided that the imposition of sentence following a criminal conviction is a matter within the discretion of the Circuit Court, subject only to statutory and constitutional limitations."  *Jackson v. State*, 551 So. 2d 132, 149 (Miss. 1989) (emphasis added).  Bester's sentence violates neither.  And "[s]o long as these are not offended, we rarely interfere."  *Id.*  As such, Bester's sentence is not illegal.

6

*Bester*, 188 So. 3d at 529 (¶6).  The operative language of the rape statute and the armed robbery statute is identical.  The rape statute (Mississippi Code Annotated section 97-3-65(2)) read at the relevant time:

> [U]pon conviction, [the defendant] shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.

The armed robbery statute at issue in today's case, Mississippi Code Annotated section 97-3-79 (Rev. 2014) (which has not been amended since Young's offense) reads:

> [U]pon conviction, [the defendant] shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

The supreme court held in *Bester* that "any term" includes life sentences.  *Bester*, 188 So. 3d at 529 (¶6).  We cannot fairly distinguish that holding simply because *Bester* was a rape case and today's case in an armed robbery case.

¶11.    Furthermore, this Court has already addressed this issue, last year, and we concluded that *Bester* applies to armed robbery cases.  In *Hayes v. State*, 203 So. 3d 1144, 1146 (¶¶6-7) (Miss. Ct. App. 2016), a post-conviction petitioner argued on appeal that his sentence was illegal because it exceeded his life expectancy.  He based his argument on *Stewart v. State*, 372 So. 2d 257 (Miss. 1979), which was an armed robbery case applying the pre-*Bester* rationale to find a sentence illegal for exceeding the defendant's life expectancy.  This Court

noted that *Stewart* was the "progeny" of *Lee v. State*, 322 So. 2d 751 (Miss. 1975), a rape case, and thus had been overruled by *Bester* when it expressly overruled *Lee*. *See Hayes*, 203 So. 3d at 1146 (¶¶6-7). This Court referred to *Stewart* (the armed robbery case) as no longer being "good law." *Hayes*, 203 So. 3d at 1146 (¶¶6-7).

¶12.    The supreme court itself has also repeatedly held or observed that the rape and armed robbery statutes, because they employ identical operative language, are inexorably linked. In *Stewart*, the first armed robbery case employing the old interpretation of "any term," the supreme court referred to *Lee*, a rape case, as a "conflicting decision" to its prior armed robbery precedent. *Stewart*, 372 So. 2d at 258. The *Stewart* court then simply applied its holding in *Lee*, noting that it was the "sounder rule." *Id.* at 259.

¶13.    In 2014, *Bester* was previewed in separate opinions in *Hampton v. State*, 148 So. 3d 992 (Miss. 2014), and *Foster v. State*, 148 So. 3d 1012 (Miss. 2014), both of which concerned the armed robbery statute and were handed down the same day. Justice Coleman authored concurring opinions in both cases, which were joined in part by three other justices. He offered the same reasons for overruling the prior interpretation of the "any term" language that the court later adopted in *Bester*. Justice Coleman also noted that the rape statute had the same relevant language, but its code section had been amended by the Legislature in the years since the decision in *Lee* in 1975, while the armed robbery statute had not been amended since *Stewart* in 1979. Thus, the only conceivable reason to distinguish between *Stewart* and *Lee* cuts toward upholding *Lee* based on ratification by the Legislature

– but it was *Lee* the supreme court expressly overruled in *Bester*.

¶14. The dissenters in *Bester* also recognized that the same standard was at issue in both rape and armed robbery cases. Justice Kitchens quoted Justice Chandler's dissent in *Hampton* describing *Stewart* and *Lee* as establishing "the standard" that had "been consistently applied . . . to both armed robbery and forcible rape statutes." *See Bester*, 188 So. 3d at 531 (¶17) (Kitchens, J., dissenting) (quoting *Hampton*, 148 So. 3d at 1010-11 (¶53) (Chandler, J., dissenting)). Justice Chandler's dissent in *Hampton* had further observed that "[t]he sentencing statute for forcible rape uses substantially identical language, and our case law consistently has applied both statutes in an identical manner." *Hampton*, 148 So. 3d at 1010-11 (¶52).

¶15. Thus, we reaffirm our prior holding in *Hayes* – *Bester* overruled *Stewart* when it overruled *Lee*. *Stewart* was explicitly based on *Lee*, the relevant statutory language is identical, and the statutes have always been treated the same way by the supreme court. *See Hayes*, 203 So. 3d at 1146 (¶¶6-7).

¶16. Finally, we turn to Young's claim that a change in the interpretation of the statute amounts to the imposition of an ex post facto law when applied to him, since *Bester* was handed down long after he committed the offense. Young contends that the relevant standard is an absolute one, outlined in *Collins v. Youngblood*, 497 U.S. 37, 50 (1990) – that *Bester* "[made] more burdensome the punishment for a crime, after its commission." But what the United States Supreme Court actually held is that the Ex Post Facto Clause prohibits "*any*

9

*statute . . .* which makes more burdensome the punishment for a crime, after its commission, after its commission." *Id.* (quoting *Beazell v. Ohio*, 269 U.S. 167, 169 (1925)) (emphasis added). *Bester* was a judicial decision, not the enactment of a statute. The Supreme Court has held that judicial decisions are not subject to ex post facto challenges. *See Rogers v. Tennessee*, 532 U.S. 451, 459-60 (2001). Thus, Bester's contention is without merit.

¶17.    A challenge, if it were to be made at all, must be under the Due Process Clause. The relevant test is different and much more lenient – the judicial decision can be applied retroactively unless it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Id.* at 466. But this issue has not been briefed or argued and is therefore barred on appeal. *See Gilmer v. State*, 955 So. 2d 829, 837 (¶29) (Miss. 2007). We do not find it barred because Young cited the wrong constitutional clauses, but because the due process question is one of first impression and it has not been briefed or argued on appeal by either party. The fault lies with Young, who, as the appellant, was required to raise the issue and meaningfully support his assignments of error with "the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.'" *Hill v. State*, 215 So. 3d 518, 524 (¶20) (Miss. Ct. App. 2017) (quoting M.R.A.P. 28(a)(7)). "While pro se litigants are afforded some leniency, they must be held to substantially the same standards of litigation conduct as members of the bar." *Id.* (quoting *Sumrell v. State*, 972 So. 2d 572, 574 (¶6) (Miss. 2008)).

¶18.    Young's challenge to *Bester* as an ex post facto law is without merit, and we will not

10

consider the potential due process issue because his total failure to address it bars it from consideration on appeal.

¶19. **AFFIRMED.**

**LEE, C.J., IRVING, P.J., GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND CARLTON, J.**

**WILSON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶20. The majority denies Young's claim on three grounds: (A) by virtue of his voluntary, negotiated plea agreement, Young waived his present challenge to the legality of his life sentence, *ante* at (¶¶6-8); (B) the Ex Post Facto Clauses of the State and Federal Constitutions apply to legislative acts, not judicial decisions, *id.* at (¶16); and (C) Young waived any due process challenge to the retroactive application of *Bester v. State*, 188 So. 3d 526 (Miss. 2016), because he failed to brief that issue on appeal, *id.* at (¶¶17-18).

¶21. I concur in the result and in proposition (A)—that holding is dispositive, and the opinion could end there. Proposition (B) is a correct statement of law. I have doubts about proposition (C), but I would not write separately just to address that issue of waiver.

¶22. Rather, I write separately to address the majority's extended digression on whether *Bester*, a case interpreting the forcible rape statute, implicitly overruled *Stewart v. State*, 372 So. 2d 257 (Miss. 1979), a precedent interpreting the armed robbery statute. *See ante* at (¶¶9-

11

15). This digression is dicta,[3] as it is not necessary to *any* of the "grounds" on which the majority's "decision rests." *Ante* at n.2. After arguing at length that *Bester* overruled *Stewart*, the majority renders the entire issue moot by declaring that Young has waived any viable objection to the retroactive application of *Bester*. *Ante* at (¶¶16-18). If Young waived that issue, then it simply does not matter whether *Bester* overruled *Stewart*.[4]

¶23. Ordinarily, I would not write separately just to respond to dicta. I do so here only because the dicta is inconsistent with this Court's obligation to continue to follow directly controlling Supreme Court precedent.

¶24. I agree with the majority that if our Supreme Court extends *Bester*'s reasoning to the armed robbery statute, then a circuit court will have the authority to sentence a defendant convicted of armed robbery to life imprisonment without a jury recommendation. The armed robbery statute provides that "in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for *any term* not less than three (3) years." Miss. Code Ann. § 97-3-79 (Rev. 2014) (emphasis added). Interpreting the similarly worded forcible rape statute in *Bester*, the Supreme Court held: "'Any term' includes life imprisonment." *Bester*, 188 So. 3d at 529

---

[3] "Dicta are statements 'not necessary to the court's ruling.'" *Smith v. Normand Children Diversified Class Tr.*, 122 So. 3d 1234, 1237 (¶5) (Miss. Ct. App. 2013) (quoting *McKibben v. City of Jackson*, 193 So. 2d 741, 745 (Miss. 1967)).

[4] The majority also states that it addresses the issue because "this Court does not unanimously agree that *Bester* controls." *Ante* at (¶9). This is circular. The disagreement would not arise, and this opinion would not exist, if the majority opinion did not raise and address the issue.

12

(¶6). Therefore, the Court held that the statute permitted a judge to impose a life sentence without a jury recommendation. *Id.* I agree with the majority that there is no material difference between the relevant language in the forcible rape statute and the armed robbery statute; however, since its decision in *Bester*, the Supreme Court has not revisited the proper interpretation of the armed robbery statute.

¶25. Our problem, as an intermediate appellate court, is that directly controlling Supreme Court precedent holds that the armed robbery statute does *not* permit the sentencing judge to impose a life sentence without a jury recommendation. *See Stewart*, 372 So. 2d at 259. In *Stewart*, the Supreme Court held that unless a jury first determines that the defendant should be sentenced to life imprisonment, the judge must sentence the defendant to "a definite term" of years "reasonably expected to be less than life." *Id.* The Supreme Court has never overruled *Stewart*, and this Court lacks authority to do so.

¶26. *Bester* does not overrule *Stewart*. Indeed, the concise majority opinion in *Bester* focused solely on the forcible rape statute and did not even mention *Stewart* or the armed robbery statute. *See Bester*, 188 So. 3d at 527-30 (¶¶1-10). Only a dissent briefly referenced *Stewart*. *See id.* at 531 (¶17) (Kitchens, J., dissenting).

¶27. Thus, while *Bester*'s reasoning signals that the Supreme Court may or is likely to overrule *Stewart* in the future, that is no basis for this Court to declare that *Stewart* has already been overruled. "This Court, sitting as an intermediate appellate court, is bound by established precedent as set out by the Mississippi Supreme Court and we do not have the

13

authority to overrule the decisions of that [C]ourt." *Bevis v. Linkous Constr. Co.*, 856 So. 2d 535, 541 (¶18) (Miss. Ct. App. 2003). As the United States Supreme Court has instructed the federal courts of appeals, "If a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Exp. Inc.*, 490 U.S. 477, 484 (1989). An intermediate appellate court may not, "on its own authority, . . . take[] the step of renouncing" precedent of a higher court. *Id.*

¶28. The majority notes that this Court has "referred to *Stewart* . . . as no longer being 'good law.'" *Ante* at (¶11) (quoting *Hayes v. State*, 203 So. 3d 1144, 1146 (¶7) (Miss. Ct. App. 2016)). However, *Hayes* addressed a sentence for child exploitation that was imposed under a materially dissimilar statute—a statute that specifies a maximum term of years. In *Hayes*, we expressly recognized that *Stewart*'s holding "did not apply to sentencing statutes that designate a specific maximum term of years." *Hayes*, 203 So. 3d at 1146 (¶7). Given that *Stewart* simply "did not apply" in *Hayes*, our commentary that *Stewart* was no longer "good law" was dicta.

¶29. The majority also notes that Justice Coleman has argued in two specially concurring opinions that *Stewart* should be overruled.[5] However, those opinions were "joined in part"

---

[5] *Foster v. State*, 148 So. 3d 1012, 1020 (¶26) (Miss. 2014) (Coleman, J., specially concurring); *Hampton v. State*, 148 So. 3d 992, 1005 (¶36) (Miss. 2014) (Coleman, J., specially concurring).

14

by only three other justices, two of whom have since retired from the Court. Those special concurrences are not precedent and, therefore, cannot overrule precedent.

¶30. Moreover, although Justice Dickinson joined Justice Coleman's opinions in part, he also wrote separately to state that "due-process considerations" would preclude retroactive application of any decision overruling *Stewart*—i.e., that *Stewart*'s interpretation of the statute would continue to govern in a case such as this one.[6] Indeed, Justice Coleman himself acknowledged that "the retroactive application of any holding overruling *Stewart*" would raise due process "concerns."[7] He did not address that issue precisely because he recognized "the fact that a majority of the Court disagree[d] with him and wishe[d] to uphold *Stewart*."[8] Thus, not even one justice in *Foster* or *Hampton* stated that *Stewart* should be overruled and that its overruling should be applied retroactively in a case such as this. Only one thing is clear from the various opinions in *Foster* and *Hampton*: a majority of the Court was unwilling to overrule *Stewart*.

¶31. Overruling *Stewart* would also require the Supreme Court to consider the principle of stare decisis, which is sometimes said to be "particularly applicable to cases involving the

---

[6] *Foster*, 148 So. 3d at 1025-26 (¶39) (Dickinson, P.J., dissenting); *accord Hampton*, 148 So. 3d at 1006 (¶37) (Dickinson, P.J., dissenting).

[7] *Foster*, 148 So. 3d at 1025 (¶37) (Coleman, J., specially concurring); *Hampton*, 148 So. 3d at 1005 (¶35) (Coleman, J., specially concurring).

[8] *Id.* In *Bester*, the Court requested briefing from an amicus curiae on a similar issue but then did not mention the issue in its opinion. *See Bester*, 188 So. 3d at 536 n.10 (King, J., dissenting). Young raises the retroactivity issue in his brief in this appeal.

construction of statutes." *Land Comm'r v. Hutton*, 307 So. 2d 415, 421 (Miss. 1974). That remains a decision for the Supreme Court, not this Court.

¶32.    On behalf of the State, the Attorney General "recognizes that . . . this Court . . . cannot expressly overrule *Stewart*." The State raises this issue—whether the armed robbery statute permits a life sentence without a jury recommendation—only to preserve it "for certiorari review, should such a review be necessary." The State's primary argument is that this Court should affirm because Young waived any challenge to his life sentence when he accepted the sentence as part of a voluntary, negotiated plea agreement. Thus, the State also recognizes that only the Supreme Court can overrule *Stewart*.[9]

¶33.    Following its discussion of *Bester* and *Stewart*, the majority finds that Young's retroactivity claim is "barred" for a second reason: He cites the wrong constitutional clauses. Young mistakenly relies on the Ex Post Facto Clauses of the State and Federal Constitutions, which govern the retroactive application of legislative acts, rather than the "limitations on ex post facto judicial decision making . . . inherent in the notion of *due process*." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2000) (emphasis added); *ante* at (¶¶16-18). In other words, the substance of Young's claim is clear, but he relies on the wrong authority, so the claim is barred. This seems strict for a pro se prisoner who, on his first motion for post-conviction

---

[9] While a concession by the Attorney General is not binding on this Court, *see McCollum v. State*, 186 So. 3d 948, 950 n.7 (Miss. Ct. App. 2016), it is at least as noteworthy as a concession of a pro se litigant. *See ante* at (¶9) (noting that "Young himself concedes that *Bester* controls").

16

relief, filed a concise, legible, and intelligible brief that presents only one claim.[10]  But if Young's claim really is barred for two different reasons, that just makes the majority's extended discussion of *Bester* and *Stewart* all the more unnecessary.

¶34.    In summary, I concur in the holding in paragraph eight of the majority opinion.  I respectfully dissent from the dicta that follows because it is inconsistent with this Court's obligation to follow directly controlling Mississippi Supreme Court precedent.

**GRIFFIS, P.J., AND CARLTON, J., JOIN THIS OPINION.**

---

[10] *See, e.g.*, *Chapman v. State*, 167 So. 3d 1170, 1172 (¶7) (Miss. 2015) ("[A] pro se prisoner's meritorious claims may not be ignored because of inartful drafting."); *cf. Slayton v. Willingham*, 726 F.2d 631, 634 n.7 (10th Cir. 1984) ("A pro se litigant's mere citation of the wrong constitutional amendment does not preclude his cause of action so long as the facts he alleges state a claim under an obviously applicable constitutional provision.").