# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00543-COA

**JERRY REVETTE**                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2017 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JERRY REVETTE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/05/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE LEE, C.J., WILSON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Jerry Revette, appearing pro se, appeals the judgment of the Circuit Court of Scott County denying his motion for postconviction relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In July 1987, Revette was indicted for three counts of rape and two counts of sexual battery/gratification of lust. Revette pleaded guilty to one count of rape and one count of sexual battery/gratification of lust and was sentenced to life plus ten years, to run consecutively. On March 17, 2017, thirty years after the original plea, Revette filed a PCR motion, arguing that his sentence was illegal. On March 23, 2017, the circuit court summarily denied Revette's PCR motion on the grounds that it was time-barred and without

merit. Aggrieved, Revette now appeals. On appeal, Revette argues that his sentence is illegal and challenges the circuit judge's authority to impose a life sentence following a guilty plea.

## STANDARD OF REVIEW

¶3. "This Court will not disturb a trial court's factual findings on a dismissal of a motion for postconviction relief unless they are found to be clearly erroneous." *Edmondson v. State*, 17 So. 3d 591, 594 (¶5) (Miss. Ct. App. 2009) (internal quotation omitted).

## DISCUSSION

*Whether Revette's PCR motion is time-barred.*

¶4. Revette filed his PCR motion on March 17, 2017, approximately thirty years after he pled guilty to rape and sexual battery/gratification of lust. Under the Uniform Postconviction Collateral Relief Act, a PCR motion shall be made within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2009). "That being said, there is an exception to the procedural bars for errors affecting the movant's fundamental constitutional rights." *Bosarge v. State*, 141 So. 3d 24, 26 (¶7) (Miss. Ct. App. 2014) (citing *Rowland v. State*, 42 So. 3d 503, 506-08 (Miss. 2010)). "The right to be free from an illegal sentence is probably the most frequently recognized of these exceptions." *Id.* (citing *Jones v. State*, 119 So. 3d 323, 326 (¶6) (Miss. 2013)).

¶5. Revette argues that his PCR motion is not time-barred, because his sentence is illegal. Revette claims he was sentenced under an improper version of the statute, containing amendments from 1985, after he committed the crime. However, Revette misapprehends the

law in effect at the time he committed the crime. The statute in effect at that time provided in relevant part:

> Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a female child under the age of twelve (12) years, upon conviction, shall be sentenced to death or imprisonment for life in the state penitentiary; provided, however, any person thirteen (13) years of age or over but under eighteen (18) years of age convicted of such crime shall be sentenced to such term of imprisonment as the court, in its discretion, may determine. In all cases where the female child is under the age of twelve (12) years it shall not be necessary to prove penetration of the female's private parts where it is shown the private parts of the female have been lacerated or torn in the attempt to have carnal knowledge of her.

Miss. Code Ann. § 97-3-65(1) (Supp. 1977).

¶6. We cite to the 1977 supplement because it is the version that was in effect when Revette committed the offense. Revette was not sentenced under the revised 1985 statute, and his PCR motion is time-barred.

¶7. Notwithstanding the time-bar, Revette argues that the Mississippi Supreme Court has previously interpreted section 97-3-65 as a prohibition against a life sentence without a jury recommendation. Revette argues that *Bester v. State*, 188 So. 3d 526 (Miss. 2016), supports his illegal-sentence claim. We do not agree.

¶8. In *Bester*, the defendant pled guilty to forcible rape and was sentenced under section 97-3-65(2). The sole issue presented to the Supreme Court was whether the trial judge had the authority to sentence the defendant to life imprisonment, absent a jury recommendation. Here, Revette was sentenced under section 97-3-65(1), and he challenges the trial judge's authority to sentence him to life imprisonment when he entered a guilty plea. The facts of *Bester* and Revette's claim are distinguishable. Therefore, *Bester* does not support Revette's

3

arguments.

¶9.     Additionally, the Supreme Court in *Bester* found that the life-imprisonment sentence under section 97-3-65 was within the trial judge's authority.  Therefore, *Bester* actually undermines Revette's propositions that his sentence is illegal and that the trial judge lacked authority to sentence him to life imprisonment.  The statute in effect at the time of Revette's sentence could have resulted in Revette being sentenced to death.  As a result, Revette accepted a plea to life imprisonment to avoid a harsher penalty.  Accordingly, we find this argument is without merit.

¶10.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.  BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**