# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01137-COA

**WENDELL HAYES A/K/A WENDELL WAYNE HAYES A/K/A WENDELL W. HAYES**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/18/2015 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | WENDELL HAYES (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 11/15/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Wendell Hayes appeals pro se the circuit court's denial of his motion for post-conviction relief (PCR). Hayes argues that the twenty-five-year sentence he received following his guilty plea for the crime of child endangerment is unduly harsh and illegal because it likely exceeds his life expectancy. Because his sentence is within the maximum permitted by law, we find his argument to be without merit and affirm the circuit court's denial of relief.

**FACTS AND PROCEEDINGS BELOW**

¶2. On December 10, 2012, Hayes pleaded guilty to one count of exploitation of a child under Mississippi Code Annotated section 97-5-33(3) (Rev. 2014). He was sentenced to serve twenty-five-years, day for day, on January 7, 2013. In his PCR motion, Hayes argued that the twenty-five-year sentence is illegal because it exceeds his life expectancy. The trial court denied his motion, and Hayes appeals.[1]

**DISCUSSION**

¶3. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Carson v. State*, 161 So. 3d 153, 155 (¶2) (Miss. Ct. App. 2014). Sentencing upon a criminal conviction is within the discretion of the trial court, including sentences based on guilty pleas. *Burrough v. State*, 9 So. 3d 368, 372 (¶10) (Miss. Ct. App. 2009).

¶4. Hayes argues that he received an unduly harsh and illegal sentence because twenty-five years exceeds his life expectancy.[2] A defendant has a fundamental right to be free from an illegal sentence. *Williams v. State*, 24 So. 3d 360, 364 (¶10) (Miss. Ct. App. 2009). A

---

[1] Hayes has filed additional PCR motions before the trial court arguing that his plea was involuntary because neither his counsel nor the trial court informed him that his sentence as a sex offender would be without the possibility of parole. *See* Miss. Code Ann. § 47-7-3(1)(b) (Supp. 2016). While Hayes argues that issue in his pro se appellate brief, the issue was not raised or decided before the trial court in the particular PCR motion before us on appeal now, and therefore the issue is improper for us to consider. Hayes concedes in his brief that the trial court did inform him of the minimum and maximum sentences. The transcript of the plea hearing is not a part of the record on this appeal.

[2] Hayes was sixty-six years old at the time of sentencing.

sentence is illegal when it exceeds the maximum authorized by law. *Foreman v. State*, 51 So. 3d 957, 962 (¶11) (Miss. 2011).

¶5.     Hayes was convicted of child endangerment under Mississippi Code Annotated section 97-5-33(3) (Rev. 2014), and sentenced under section 97-5-35, which permits a sentencing range from five to forty years. "In general, a sentence which falls within the permissible range designated by statute will not be disturbed on appeal." *McCline v. State*, 856 So. 2d 556, 560 (¶18) (Miss. Ct. App. 2003). "[W]hen the Legislature has affixed a set term of years as the maximum sentence and has allowed that sentence to be imposed by a trial judge, . . . the trial judge is not required to apply a term less than life in accordance with actuarial tables." *Long v. State*, 982 So. 2d 1042, 1045 (¶14) (Miss. Ct. App. 2008); *see also Hampton v. State*, 148 So. 3d 992, 996 (¶8) (Miss. 2014). Here, Hayes's twenty-five-year sentence was well within the forty-year maximum permitted by statute.

¶6.     Hayes cites repeatedly to *Stewart v. State*, 372 So. 2d 257 (Miss. 1979), to support his argument that the trial court should have considered his life expectancy in sentencing so as to not impose what amounts to a life sentence. The rule announced in *Lee v. State*, 322 So. 2d 751 (Miss. 1975), and expanded on in *Stewart* requiring trial judges to impose a term-of-years sentence reasonably expected to be less than life applied exclusively to the sentencing schemes for armed robbery and forcible rape: where a jury failed to impose life, a trial court had to impose a term-of-years sentence reasonably expected to be less than life. *Lee*, 322 So. 2d at 753; *Stewart*, 372 So. 2d at 259.

¶7.     *Lee* and its progeny were recently overruled by the Mississippi Supreme Court in

3

*Bester v. State*, 188 So. 3d 526 (Miss. 2016) (holding that trial judge has statutory authority to sentence defendant to life where jury fails to fix life sentence). Even when *Stewart* and *Lee* were good law, the supreme court made clear that *Stewart*'s requirement to consider life expectancy did not apply to sentencing statutes that designate a specific maximum term of years. *Cannon v. State*, 919 So. 2d 913, 915 (¶8) (Miss. 2005) (reversing the Mississippi Court of Appeals' remand of a sixty-year drug sentence as excessive). The *Stewart* requirement to consider life expectancy hinged on the position that the maximum sentence permitted by law (for the crimes of armed robbery and forcible rape) was a term of years less than life; a term-of-years sentence tantamount to life would have been illegal because it would have exceeded the maximum permitted by law. But here, the sentencing scheme for child endangerment explicitly defines the maximum sentence as forty years. While trial courts are free to consider various factors including life expectancy within their general sentencing discretion, the fact that Hayes's twenty-five-year sentence exceeds his life expectancy does not operate to make his sentence illegal.[3]

**CONCLUSION**

¶8. We affirm the trial court's denial of Hayes's PCR motion. Hayes's sentence was within the maximum permitted by law and is not illegal. Hayes has not demonstrated that his sentence is unconstitutionally disproportionate.

---

[3] Hayes's sentence of fifteen years less than the maximum is also not unconstitutionally excessive or disproportionate to the crime committed. *See Moody v. State*, 964 So. 2d 564, 567 (¶13) (Miss. Ct. App. 2007).

¶9.     THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, SECOND JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.

LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.