WILSON, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 20. The majority denies Young's claim on three grounds: (A) by virtue of his voluntary, negotiated plea agreement, Young waived his present challenge to the legality of his life sentence,
 
 ante
 
 at (¶¶ 6-8); (B) the Ex Post Facto Clauses of the State and Federal Constitutions apply to legislative acts, not judicial decisions,
 

 id.
 

 at (¶ 16); and (C) Young waived any due process challenge to the retroactive application of
 
 Bester v. State
 
 ,
 
 188 So.3d 526
 
 (Miss. 2016), because he failed to brief that issue on appeal,
 

 id.
 

 at (¶¶ 17-18).
 

 ¶ 21. I concur in the result and in proposition (A)-that holding is dispositive, and the opinion could end there. Proposition (B) is a correct statement of law. I have doubts about proposition (C), but I would not write separately just to address that issue of waiver.
 

 ¶ 22. Rather, I write separately to address the majority's extended digression on whether
 
 Bester
 
 , a case interpreting the forcible rape statute, implicitly overruled
 
 Stewart v. State
 
 ,
 
 372 So.2d 257
 
 (Miss. 1979), a precedent interpreting the armed robbery statute.
 
 See
 

 ante
 
 at (¶¶ 9-15). This
 digression is dicta,
 
 [3]
 
 as it is not necessary to
 
 any
 
 of the "grounds" on which the majority's "decision rests."
 
 Ante
 
 at n.2. After arguing at length that
 
 Bester
 
 overruled
 
 Stewart
 
 , the majority renders the entire issue moot by declaring that Young has waived any viable objection to the retroactive application of
 
 Bester
 
 .
 
 Ante
 
 at (¶¶ 16-18). If Young waived that issue, then it simply does not matter whether
 
 Bester
 
 overruled
 
 Stewart
 
 .
 
 [4]
 

 ¶ 23. Ordinarily, I would not write separately just to respond to dicta. I do so here only because the dicta is inconsistent with this Court's obligation to continue to follow directly controlling Supreme Court precedent.
 

 ¶ 24. I agree with the majority that if our Supreme Court extends
 
 Bester
 
 's reasoning to the armed robbery statute, then a circuit court will have the authority to sentence a defendant convicted of armed robbery to life imprisonment without a jury recommendation. The armed robbery statute provides that "in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for
 
 any term
 
 not less than three (3) years."
 
 Miss. Code Ann. § 97-3-79
 
 (Rev. 2014) (emphasis added). Interpreting the similarly worded forcible rape statute in
 
 Bester
 
 , the Supreme Court held: " 'Any term' includes life imprisonment."
 
 Bester
 
 , 188 So.3d at 529 (¶ 6). Therefore, the Court held that the statute permitted a judge to impose a life sentence without a jury recommendation.
 
 Id.
 
 I agree with the majority that there is no material difference between the relevant language in the forcible rape statute and the armed robbery statute; however, since its decision in
 
 Bester
 
 , the Supreme Court has not revisited the proper interpretation of the armed robbery statute.
 

 ¶ 25. Our problem, as an intermediate appellate court, is that directly controlling Supreme Court precedent holds that the armed robbery statute does
 
 not
 
 permit the sentencing judge to impose a life sentence without a jury recommendation.
 
 See
 

 Stewart
 
 ,
 
 372 So.2d at 259
 
 . In
 
 Stewart
 
 , the Supreme Court held that unless a jury first determines that the defendant should be sentenced to life imprisonment, the judge must sentence the defendant to "a definite term" of years "reasonably expected to be less than life."
 

 Id.
 

 The Supreme Court has never overruled
 
 Stewart
 
 , and this Court lacks authority to do so.
 

 ¶ 26.
 
 Bester
 
 does not overrule
 
 Stewart
 
 . Indeed, the concise majority opinion in
 
 Bester
 
 focused solely on the forcible rape statute and did not even mention
 
 Stewart
 
 or the armed robbery statute.
 
 See
 

 Bester
 
 , 188 So.3d at 527-30 (¶¶ 1-10). Only a dissent briefly referenced
 
 Stewart
 
 .
 
 See
 

 id.
 
 at 531 (¶ 17) (Kitchens, J., dissenting).
 

 ¶ 27. Thus, while
 
 Bester
 
 's reasoning signals that the Supreme Court may or is likely to overrule
 
 Stewart
 
 in the future, that is no basis for this Court to declare that
 
 Stewart
 
 has already been overruled. "This Court, sitting as an intermediate appellate court, is bound by established precedent as set out by the Mississippi Supreme Court and we do not have the authority to overrule the decisions of that
 [C]ourt."
 
 Bevis v. Linkous Constr. Co.
 
 ,
 
 856 So.2d 535
 
 , 541 (¶ 18) (Miss. Ct. App. 2003). As the United States Supreme Court has instructed the federal courts of appeals, "If a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions."
 
 Rodriguez de Quijas v. Shearson/Am. Exp. Inc.
 
 ,
 
 490 U.S. 477
 
 , 484,
 
 109 S.Ct. 1917
 
 ,
 
 104 L.Ed.2d 526
 
 (1989). An intermediate appellate court may not, "on its own authority, ... take[ ] the step of renouncing" precedent of a higher court.
 

 Id.
 

 ¶ 28. The majority notes that this Court has "referred to
 
 Stewart
 
 ... as no longer being 'good law.' "
 
 Ante
 
 at (¶ 11) (quoting
 
 Hayes v. State
 
 ,
 
 203 So.3d 1144
 
 , 1146 (¶ 7) (Miss. Ct. App. 2016) ). However,
 
 Hayes
 
 addressed a sentence for child exploitation that was imposed under a materially dissimilar statute-a statute that specifies a maximum term of years. In
 
 Hayes
 
 , we expressly recognized that
 
 Stewart
 
 's holding "did not apply to sentencing statutes that designate a specific maximum term of years."
 
 Hayes
 
 ,
 
 203 So.3d at 1146
 
 (¶ 7). Given that
 
 Stewart
 
 simply "did not apply" in
 
 Hayes
 
 , our commentary that
 
 Stewart
 
 was no longer "good law" was dicta.
 

 ¶ 29. The majority also notes that Justice Coleman has argued in two specially concurring opinions that
 
 Stewart
 
 should be overruled.
 
 [5]
 
 However, those opinions were "joined in part" by only three other justices, two of whom have since retired from the Court. Those special concurrences are not precedent and, therefore, cannot overrule precedent.
 

 ¶ 30. Moreover, although Justice Dickinson joined Justice Coleman's opinions in part, he also wrote separately to state that "due-process considerations" would preclude retroactive application of any decision overruling
 
 Stewart
 
 -i.e., that
 
 Stewart
 
 's interpretation of the statute would continue to govern in a case such as this one.
 
 [6]
 
 Indeed, Justice Coleman himself acknowledged that "the retroactive application of any holding overruling
 
 Stewart
 
 " would raise due process "concerns."
 
 [7]
 
 He did not address that issue precisely because he recognized "the fact that a majority of the Court disagree[d] with him and wishe[d] to uphold
 
 Stewart
 
 ."
 
 [8]
 
 Thus, not even one justice in
 
 Foster
 
 or
 
 Hampton
 
 stated that
 
 Stewart
 
 should be overruled and that its overruling should be applied retroactively in a case such as this. Only one thing is clear from the various opinions in
 
 Foster
 
 and
 
 Hampton
 
 : a majority of the Court was unwilling to overrule
 
 Stewart
 
 .
 

 ¶ 31. Overruling
 
 Stewart
 
 would also require the Supreme Court to consider the principle of stare decisis, which is sometimes said to be "particularly applicable to cases involving the construction of statutes."
 

 Land Comm'r v. Hutton
 
 ,
 
 307 So.2d 415
 
 , 421 (Miss. 1974). That remains a decision for the Supreme Court, not this Court.
 

 ¶ 32. On behalf of the State, the Attorney General "recognizes that ... this Court ... cannot expressly overrule
 
 Stewart
 
 ." The State raises this issue-whether the armed robbery statute permits a life sentence without a jury recommendation-only to preserve it "for certiorari review, should such a review be necessary." The State's primary argument is that this Court should affirm because Young waived any challenge to his life sentence when he accepted the sentence as part of a voluntary, negotiated plea agreement. Thus, the State also recognizes that only the Supreme Court can overrule
 
 Stewart
 
 .
 
 [9]
 

 ¶ 33. Following its discussion of
 
 Bester
 
 and
 
 Stewart
 
 , the majority finds that Young's retroactivity claim is "barred" for a second reason: He cites the wrong constitutional clauses. Young mistakenly relies on the Ex Post Facto Clauses of the State and Federal Constitutions, which govern the retroactive application of legislative acts, rather than the "limitations on ex post facto judicial decision making ... inherent in the notion of
 
 due process
 
 ."
 
 Rogers v. Tennessee
 
 ,
 
 532 U.S. 451
 
 , 456,
 
 121 S.Ct. 1693
 
 ,
 
 149 L.Ed.2d 697
 
 (2000) (emphasis added);
 
 ante
 
 at (¶¶ 16-18). In other words, the substance of Young's claim is clear, but he relies on the wrong authority, so the claim is barred. This seems strict for a pro se prisoner who, on his first motion for post-conviction relief, filed a concise, legible, and intelligible brief that presents only one claim.
 
 [10]
 
 But if Young's claim really is barred for two different reasons, that just makes the majority's extended discussion of
 
 Bester
 
 and
 
 Stewart
 
 all the more unnecessary.
 

 ¶ 34. In summary, I concur in the holding in paragraph eight of the majority opinion. I respectfully dissent from the dicta that follows because it is inconsistent with this Court's obligation to follow directly controlling Mississippi Supreme Court precedent.
 

 GRIFFIS, P.J., AND CARLTON, J., JOIN THIS OPINION.
 

 "Dicta are statements 'not necessary to the court's ruling.' "
 
 Smith v. Normand Children Diversified Class Tr.
 
 ,
 
 122 So.3d 1234
 
 , 1237 (¶ 5) (Miss. Ct. App. 2013) (quoting
 
 McKibben v. City of Jackson
 
 ,
 
 193 So.2d 741
 
 , 745 (Miss. 1967) ).
 

 The majority also states that it addresses the issue because "this Court does not unanimously agree that
 
 Bester
 
 controls."
 
 Ante
 
 at (¶ 9). This is circular. The disagreement would not arise, and this opinion would not exist, if the majority opinion did not raise and address the issue.
 

 Foster v. State
 
 ,
 
 148 So.3d 1012
 
 , 1020 (¶ 26) (Miss. 2014) (Coleman, J., specially concurring);
 
 Hampton v. State
 
 ,
 
 148 So.3d 992
 
 , 1005 (¶ 36) (Miss. 2014) (Coleman, J., specially concurring).
 

 Foster
 
 , 148 So.3d at 1025-26 (¶ 39) (Dickinson, P.J., dissenting);
 
 accord
 

 Hampton
 
 , 148 So.3d at 1006 (¶ 37) (Dickinson, P.J., dissenting).
 

 Foster
 
 , 148 So.3d at 1025 (¶ 37) (Coleman, J., specially concurring);
 
 Hampton
 
 , 148 So.3d at 1005 (¶ 35) (Coleman, J., specially concurring).
 

 Id.
 
 In
 
 Bester
 
 , the Court requested briefing from an amicus curiae on a similar issue but then did not mention the issue in its opinion.
 
 See
 

 Bester
 
 , 188 So.3d at 536 n.10 (King, J., dissenting). Young raises the retroactivity issue in his brief in this appeal.
 

 While a concession by the Attorney General is not binding on this Court,
 
 see
 

 McCollum v. State
 
 ,
 
 186 So.3d 948
 
 , 950 n.7 (Miss. Ct. App. 2016), it is at least as noteworthy as a concession of a pro se litigant.
 
 See
 

 ante
 
 at (¶ 9) (noting that "Young himself concedes that
 
 Bester
 
 controls").
 

 See, e.g.
 
 ,
 
 Chapman v. State
 
 ,
 
 167 So.3d 1170
 
 , 1172 (¶ 7) (Miss. 2015) ("[A] pro se prisoner's meritorious claims may not be ignored because of inartful drafting.");
 
 cf.
 

 Slayton v. Willingham
 
 ,
 
 726 F.2d 631
 
 , 634 n.7 (10th Cir. 1984) ("A pro se litigant's mere citation of the wrong constitutional amendment does not preclude his cause of action so long as the facts he alleges state a claim under an obviously applicable constitutional provision.").