## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01228-COA

**WENDELL HAYES A/K/A WENDELL WAYNE HAYES**
                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/20/2018 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | WENDELL HAYES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/10/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., TINDELL AND LAWRENCE, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     Wendell Hayes appeals the dismissal of his motion for post-conviction relief (PCR) by the Harrison County Circuit Court, Second Judicial District. Because we find that Hayes's motion is both time-barred and successive-writ barred and that no exception applies, we affirm the circuit court's judgment.

### FACTS

¶2.     On December 10, 2012, Hayes pled guilty to one count of child exploitation. On January 7, 2013, the circuit court sentenced Hayes to a mandatory term of twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). On July 15, 2014,

Hayes filed his first PCR motion, which asserted that his sentence was (1) cruel and unusual, (2) disproportionate compared to similar offenders, and (3) illegal because it exceeded his life expectancy. The circuit court denied Hayes's PCR motion, and this Court affirmed. *Hayes v. State*, 203 So. 3d 1144, 1147 (¶8) (Miss. Ct. App. 2016).

¶3. On February 23, 2017, Hayes filed the PCR motion that led to this appeal. Hayes asserted that his guilty plea was involuntary and that his trial attorney rendered ineffective assistance. The circuit court dismissed Hayes's PCR motion as successive. Aggrieved, Hayes appeals.

## STANDARD OF REVIEW

¶4. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Ware v. State*, 258 So. 3d 315, 317-18 (¶7) (Miss. Ct. App. 2018).

## DISCUSSION

### I. Jurisdiction

¶5. We first consider our jurisdiction over this appeal. Although the circuit court dismissed Hayes's current PCR motion on July 20, 2018, the circuit clerk did not receive Hayes's notice of appeal until thirty-nine days later on August 28, 2018. Under Mississippi Rule of Appellate Procedure 4(a), which requires an appeal to be filed within thirty days of the entry of the judgment or order appealed from, this delay would ordinarily bar Hayes's motion. But under Mississippi Rule of Appellate Procedure 2(c), this Court may suspend the

2

thirty-day filing requirement in the interests of justice.

¶6.    In a letter dated August 16, 2018 (several days before the thirty-day deadline), and received by the circuit clerk on August 23, 2018 (three days after the thirty-day deadline), Hayes requested an extension for filing his notice of appeal. Hayes's letter explained that he had provided the MDOC's accounts department with a financial-authorization form but had not yet received the completed form back from the department. As a result, Hayes asked the circuit court for a ten-day extension to allow him to file his notice of appeal after he had received the completed financial-authorization form. Five days after filing his request for an extension, Hayes filed both his notice of appeal and the completed financial-authorization form with the circuit clerk. Although the record fails to indicate exactly when Hayes delivered his various documents to prison officials for mailing,[1] we find that, under the circumstances, the interests of justice are best served by suspending Rule 4(a)'s thirty-day requirement and considering the merits of Hayes's arguments on appeal.

## II.    Procedural Bars

¶7.    Upon review, we first find that Hayes's current PCR motion is time-barred. A PCR motion must be filed within three years after the entry of a judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). The circuit court entered Hayes's judgment of conviction on January 7, 2013. Hayes then filed his first unsuccessful PCR motion in 2014. Hayes more recently filed his current PCR motion on February 23, 2017, which was outside

---

[1] Under the prison-mailbox rule, we consider a prisoner's pro se PCR motion to be filed when the prisoner delivers the motion to prison officials for mailing. *Small v. State*, 141 So. 3d 61, 65 (¶8) (Miss. Ct. App. 2014).

the three-year statute of limitations.  Therefore, Hayes's motion is clearly time-barred.

¶8.     Hayes's current PCR motion is also successive-writ barred.  *See* Miss. Code Ann. § 99-39-27(9) (Rev. 2015).  A dismissal or denial of a PCR motion is a final judgment that bars a second or successive motion.  Miss. Code Ann. § 99-39-23(6) (Rev. 2015).  Hayes previously filed an unsuccessful PCR motion, and this Court affirmed the denial on appeal. *Hayes*, 203 So. 3d at 1145 (¶1).  Mississippi statutory law grants each movant "one bite at the apple when requesting post-conviction relief."  *Dobbs v. State*, 18 So. 3d 295, 298 (¶9) (Miss. Ct. App. 2009).  Having previously filed an unsuccessful PCR motion, Hayes's current motion is successive and is therefore statutorily barred.

¶9.     Despite these procedural bars, Hayes asserts that his claims of an involuntary guilty plea and ineffective assistance of counsel present exceptions to the bars.  To qualify for an exception, Hayes must show a violation of one of his fundamental constitutional rights.  *See Rowland v. State*, 42 So. 3d 503, 507 (¶11) (Miss. 2010).  The following "fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws."  *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018).  Our caselaw also recognizes that, in limited circumstances, a claim for ineffective assistance might satisfy the requirement for finding a violation of a fundamental constitutional right.  *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996).  But merely asserting a violation of a constitutional right or a claim of ineffective assistance fails to qualify for an exception to a procedural bar.  *Id.*; *Mays v. State*, 228 So.

4

3d 946, 948 (¶5) (Miss. Ct. App. 2017). Instead, the movant must show that there is some basis of truth for his claim. *Mays*, 228 So. 3d at 948 (¶5).

¶10.    Here, Hayes has failed to provide more than mere assertions for his arguments, and the record fails to support his claims of either an involuntary plea or ineffective assistance. Thus, in addition to finding that Hayes's PCR motion is procedurally barred, we find he has also failed to prove that any fundamental-rights exception applies.

## CONCLUSION

¶11.    After reviewing the record, we find no error in the circuit court's dismissal of Hayes's current PCR motion. Hayes's PCR motion is both time-barred and successive-writ barred, and he has failed to prove that an exception applies. We therefore affirm the circuit court's judgment.

¶12.    **AFFIRMED.**

> **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**