# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00383-COA

**DAVID HORTON**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/29/2021 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DAVID HORTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/15/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     David Horton was indicted for first-degree murder and aggravated domestic violence for shooting and killing one woman and shooting and injuring his wife. He later pled guilty to second-degree murder and aggravated domestic violence. Consistent with his plea agreement and the State's sentencing recommendation, the circuit court sentenced Horton to consecutive terms of forty years and twenty years in the custody of the Mississippi Department of Corrections (MDOC).

¶2.     Horton subsequently filed a motion for post-conviction relief (PCR), alleging that his plea and convictions should be set aside because his sentence was unconstitutional and his

plea was involuntary. The circuit court denied Horton's motion, and Horton appealed. We find no error and affirm.

¶3. Horton first alleges that his total sentence of sixty years is unconstitutional because it exceeds his life expectancy based on actuarial tables. This claim is without merit. "When the Legislature has affixed a set term of years as the maximum sentence and has allowed that sentence to be imposed by a trial judge, the trial judge is not required to apply a term less than life in accordance with actuarial tables." *Hayes v. State*, 203 So. 3d 1144, 1146 (¶5) (Miss. Ct. App. 2016) (brackets and ellipsis omitted) (quoting *Long v. State*, 982 So. 2d 1042, 1045 (¶14) (Miss. Ct. App. 2008)). In the absence of a sentencing proceeding before a jury, a defendant convicted of second-degree murder shall be sentenced to not less than twenty years and not more than forty years in MDOC custody. Miss. Code Ann. § 97-3-21(2) (Rev. 2020). A defendant convicted of aggravated domestic violence shall be sentenced to not less than two years and not more than twenty years in MDOC custody. Miss. Code Ann. § 97-3-7(4)(a) (Rev. 2020). Therefore, the court had discretion to sentence Horton to terms within those sentencing ranges and was not required to consult actuarial tables. *Hayes*, 203 So. 3d at 1146 (¶¶5-7). Moreover, Horton's plea bargain specifically provided that the State would recommend consecutive sentences of forty years and twenty years.

¶4. Horton also alleges that his sentence is unconstitutional because the court did not provide an explanation for imposing the maximum sentences. Horton cites cases such as *Davis v. State*, 724 So. 2d 342 (Miss. 1998), in which the appellate court remanded for an explanation of the trial court's reasons for imposing the maximum sentence. *See id.* at 344-

2

45 (¶¶11-15) (remanding for the trial court to explain why it had sentenced a woman to serve sixty years in MDOC custody for selling two rocks of crack cocaine within 1,500 feet of a church). Such cases are distinguishable. All involved defendants convicted following jury trials and maximum sentences imposed without explanation. Here, in contrast, Horton pled guilty and received the exact sentence he bargained for. Under the circumstances, Horton's total sentence of sixty years for shooting and killing one woman and shooting and injuring his wife required no further explanation from the judge.

¶5.     Horton next alleges that his plea was involuntary because his attorney told him that his two sentences would run concurrently, not consecutively. However, Horton's sworn plea petition and the transcript of his plea hearing directly contradict this claim. In his sworn plea petition, Horton agreed that the State would recommend "consecutive" sentences of forty years and twenty years. During his plea hearing, Horton confirmed under oath that he had read and understood his plea petition, that he had discussed it with his attorney, and that he had signed it. During the plea hearing, Horton also specifically confirmed that he knew and understood that the State was recommending consecutive sentences:

| | |
|---|---|
| Prosecutor: | . . . The State would recommend that count one be reduced from first degree murder to second degree murder and that he be sentenced to 40 years within the custody of the [MDOC] with 40 years to serve; and in count two, that this defendant be sentenced to 20 years in the custody of the [MDOC] with 20 years to serve and for both count one and two to run con- -- concurrently. |
| The Court: | All right. The petition reflects consecutive. Is that -- |
| Prosecutor: | Well, there -- consec- -- one after the other. |

| | |
|---|---|
| Defense Counsel: | Consecutive, Your Honor. |
| Prosecutor: | Consecutively. |
| The Court: | That's why I paused because I -- |
| Prosecutor: | A brain escape. |

. . . .

| | |
|---|---|
| Prosecutor: | Sixty years altogether, Your Honor. |
| The Court: | So is that your understanding of the plea bargaining offer, [defense counsel]? |
| Defense Counsel: | Yes, sir, Your Honor. Yes, sir. |
| The Court: | And then there was discussion of whether it was consecutive or concurrent. The prosecutor's recommendation is that it be consecutive. |
| Defense Counsel: | It's consecutive, Your Honor. That's my understanding. That's the understanding Mr. Horton had when he signed his plea petition, Your Honor. |
| The Court: | All right. Is that your understanding of the plea bargaining offer, Mr. Horton? |
| Horton: | Yes. |

Thus, despite the prosecutor's initial misstatement, Horton ultimately confirmed under oath that he had agreed to plead guilty with a recommendation of consecutive sentences.

¶6. Finally, Horton alleges that he went forward with his guilty plea only because his attorney misinformed him that his wife (the surviving victim of the shooting) wanted consecutive sentences and would not support a plea with a recommendation of concurrent sentences. Horton alleges that his attorney told him this off the record during the above-

quoted portion of his plea hearing. Horton alleges that his wife later told him that his attorney's statement was untrue and that she never opposed concurrent sentences. However, Horton failed to provide an affidavit from his wife. Moreover, Horton's sworn plea petition directly contradicts this claim. As discussed above, prior to his plea hearing, Horton had already signed his plea petition in which he agreed to a recommendation of consecutive sentences. In addition, at the outset of the hearing, Horton confirmed under oath that he had read and understood the petition. In his plea petition, Horton clearly agreed that the sentences would run consecutively.

¶7. "Great weight is given to statements made under oath and in open court during sentencing." *Young v. State*, 731 So. 2d 1120, 1123 (¶12) (Miss. 1999). "[W]hen the only support offered by a convict is his own affidavit, and his affidavit is contradicted by his own sworn statement, an evidentiary hearing is not required." *Id.* Here, the only support for Horton's PCR motion is his own affidavit, and his affidavit is contradicted by his sworn plea petition and sworn testimony during his plea hearing. Accordingly, the circuit court did not err by denying Horton's PCR motion.

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**