# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01102-COA

**RONNIE PARKER A/K/A RONNIE W. PARKER**    **APPELLANT**
**A/K/A RONNIE RON PARKER**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/02/2021 |
| TRIAL JUDGE: | HON. GRADY FRANKLIN TOLLISON III |
| COURT FROM WHICH APPEALED: | BENTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RONNIE PARKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/22/2022 |
| MOTION FOR REHEARING FILED: | |

### BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1. Ronnie Parker pleaded guilty as a non-violent habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015) to two counts of aggravated DUI. The trial court accepted Parker's pleas and sentenced Parker as a non-violent habitual offender to twenty-five years for Count I and ten years for Count II, with the sentences ordered to run consecutively and the ten-year sentence suspended, leaving Parker to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC).

¶2. Over three years later, Parker filed a motion that the circuit court treated as one for post-conviction collateral relief (PCR), arguing that he was serving an illegal sentence. The circuit court denied Parker's PCR motion. Parker appeals, asserting that his sentence was

"illegal" because (1) the State failed to submit evidence to prove his habitual offender status; and (2) the trial court did not consult actuarial tables in imposing Parker's thirty-five-year sentence (with twenty-five years to serve), which, according to Parker, impermissibly amounted to a life sentence given Parker's age of fifty-four at the time he was sentenced. Finding no error in the circuit court's denial of Parker's PCR motion, we affirm.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

¶3. In April 2017, a Benton County grand jury indicted Parker on two counts of aggravated DUI, Miss. Code Ann. § 63-11-30(5) (Supp. 2016), as a non-violent habitual offender pursuant to section 99-19-81. Parker signed a petition to enter a guilty plea to both counts, pleading as a non-violent habitual offender. Parker's plea hearing was held on August 10, 2017, and will be discussed below. The trial court accepted Parker's guilty pleas and sentenced him as a non-violent habitual offender to the recommended twenty-five years to serve for Count I, to be followed by a ten-year sentence for Count II and five years of post-release supervision. The trial court suspended the ten-year sentence for Count II, leaving Parker with twenty-five years to serve in the custody of the MDOC. The trial court's judgment was entered on August 10, 2017.

¶4. On November 23, 2020, Parker filed a motion entitled "State Writ of Habeas Corpus M.C.A. §11-43-1" in which Parker asserted that he was serving an illegal sentence under the habitual offender enhancement because the State did not offer competent evidence to support the enhancement. Parker requested the circuit court to resentence him as a non-habitual

offender. The circuit court treated Parker's motion as a request for post-conviction relief.[1]

We will refer to it as Parker's PCR motion. Finding that Parker's illegal-sentence claim

lacked merit, the circuit court denied his request for relief. Parker appeals.

## STANDARD OF REVIEW

¶5.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will

reverse the judgment of the circuit court only if its factual findings are clearly erroneous;

however, we review the circuit court's legal conclusions under a de novo standard of

review." *Murphy v. State*, 311 So. 3d 726, 729 (¶9) ( Miss. Ct. App. 2021) (quoting *Hays*

*v. State*, 282 So. 3d 714, 716-17 (¶5) (Miss. Ct. App. 2019)).

## DISCUSSION

### I.     Time-Bar

¶6.     Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion

is untimely unless it is filed within three years after the entry of the judgment of conviction

for a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Parker pleaded guilty and was

sentenced by the trial court on August 10, 2017. The trial court's judgment was entered that

day. Parker's current PCR motion was filed on November 23, 2020, months past the three-

year limitations period. Parker's request is time-barred unless he meets an exception to

---

[1] *See, e.g.*, *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011) ("A pleading cognizable under the UPCCRA will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading.").

section 99-39-5(2).

¶7.    In this regard, we recognize that "errors affecting fundamental rights may be excepted from procedural bars," *Reardon v. State*, 341 So. 3d 1004, 1011 (¶23) (Miss. Ct. App. 2022) (quoting *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010)), including "the right to be free from an illegal sentence." *Id.* (internal quotation marks omitted) (quoting *Creel v. State*, 305 So. 3d 417, 421 (¶9) (Miss. Ct. App. 2020)).  Parker asserts that his sentence is "illegal" for two reasons: The State did not present competent proof of his habitual offender status at his plea hearing; and the trial court did not consider actuarial tables before imposing his twenty-five-year sentence that, according to Parker, impermissibly amounted to a life sentence because he was fifty-four years old on the date he pleaded guilty and was sentenced.

¶8.    Parker, as the movant, has the burden of proving by a preponderance of the evidence that he has met an exception to the procedural time-bar under the UPCCRA.  *Fluker v. State*, 334 So. 3d 160, 163 (¶7) (Miss. Ct. App. 2021), *cert. denied*, 334 So. 3d 1160 (Miss. 2022). For the reasons addressed below, we find that Parker has failed to meet this burden, and his assertions are without merit.  We therefore find that the circuit court did not err in denying Parker's PCR motion.

## II.    Parker's Guilty Plea as a Non-violent Habitual Offender and His Prior Qualifying Convictions

¶9.    Parker asserts that the State failed to prove his prior convictions by competent evidence at a bifurcated hearing, and thus he was wrongly sentenced as a habitual offender under section 99-19-81.  We find that his argument on this point is without merit.

¶10.    As an initial matter, Parker pleaded guilty, he was not tried by a jury.  He was not entitled to a "bifurcated" sentencing hearing; thus, we find that this assertion fails. *See, e.g.*, *Conner v. State*, 138 So. 3d 143, 151 (¶20) (Miss. 2014) (explaining that when a defendant is indicted as a habitual offender, and a jury decides the question of guilt, then the trial judge must subsequently conduct a hearing and "is to serve as the finder of fact in determining whether the habitual offender part of the indictment is established by the requisite degree of proof").

¶11.    Likewise, Parker's "lack-of-competent-evidence" contention regarding his habitual offender status also fails.  The record reflects that Parker stated in his sworn guilty-plea petition that he was pleading guilty to two counts of aggravated DUI "per 99-19-81," and he specifically admitted he previously was convicted of "Felony DUI 2(x)."  At his plea hearing, the judge asked Parker if his signed plea petition was correct and if he was pleading guilty to two counts of aggravated DUI as a non-violent habitual offender.  Parker responded, "Yes, sir."  Parker further confirmed that his attorney "thoroughly" explained the contents of the petition to him, including the facts and circumstances giving rise to the charges.

¶12.    The judge then instructed Parker to "listen carefully" while he read the charges in the indictment, detailing the two charges and the habitual offender sentencing enhancement. With respect to Parker's prior qualifying felonies, the judge stated that "[i]t's further alleged in the indictment following each of these two [principal] counts that at the time you committed these offenses you had previously been convicted two or more . . . felony crimes

5

qualifying you for habitual offender status." The judge then specifically described these two prior felony crimes: one felony-DUI conviction in the Union County Circuit Court on September 13, 2002, based on an offense occurring on May 20, 2001, resulting in a five-year sentence; and one felony-DUI conviction in the Lee County Circuit Court on March 5, 2003, based on an offense occurring on April 28, 2002, resulting in a five-year sentence. The trial judge explained, "That mean[s] that you had two prior felonies, each one being the crime of felony DUI at the time you committed the two offenses that you are standing before the court on today." Parker confirmed that he understood the allegations in his indictment and admitted that they were true and correct.[2] At no point did Parker object to the validity or proof of the underlying prior convictions in any manner.

¶13. Additionally, the judge explained to Parker that by pleading guilty as a habitual offender, his sentence would be served day-for-day without eligibility for early release, parole, or probation. Parker twice confirmed he understood. Parker then pleaded guilty to two counts of aggravated DUI as a non-violent habitual offender.

¶14. As this Court has found, "when a defendant admits to prior criminal convictions as part of a guilty plea, those admissions are sufficient to permit a finding of habitual status." *Willis v. State*, 321 So. 3d 584, 590 (¶16) (Miss. Ct. App. 2021) (internal quotation marks

---

[2] Parker also asserts that his prior felony convictions for DUIs could not be used to enhance his sentence because they were supposed to "drop off" his record after five years. Parker did not cite any authority to support this contention. He therefore has waived this issue on appellate review. M.R.A.P. 28(a)(7); *see Smith v. State*, 292 So. 3d 596, 602 (¶22) (Miss. Ct. App. 2020).

omitted) (quoting *Ramsey v. State*, 290 So. 3d 1281, 1285 (¶11) (Miss. Ct. App. 2020));

*Wilkins v. State*, 57 So. 3d 19, 26 (¶23) (Miss. Ct. App. 2010) (recognizing that "where the

defendant enters a plea of guilty and admits those facts which establish his habitual status,

the State has met its burden of proof"). Further, "solemn declarations in open court carry a

strong presumption of verity." *Id.* (quoting *Atkinson v. State*, 215 So. 3d 1002, 1005 (¶11)

(Miss. Ct. App. 2017)). Thus, because Parker pleaded guilty to two counts of aggravated

DUI and "admit[ted] to prior criminal convictions as part of a guilty plea," *Willis*, 321 So.

3d at 590 (¶16), we find that "those admissions are sufficient to permit a finding of habitual

status." *Id.*[3] As such, we find that Parker's illegal-sentence claim based upon the State's

alleged failure of proof is without merit.

---

[3] As we have noted, in contrast to a guilty-plea situation, as here, a defendant found guilty *after a jury trial* is entitled to "[a] sentencing hearing on [the] defendant's habitual-offender status" that "must occur separately from the trial on the principal charge." *Ward v. State*, 346 So. 3d 868, 872 (¶14) (Miss. 2022) (quoting *Conner*, 138 So. 3d at 151 (¶20)). Under these circumstances, "[t]he State has the burden of proof beyond a reasonable doubt to demonstrate that the defendant is an habitual offender." *Id.* In *Ward*, the defendant objected to the lack of proof supporting his prior felony convictions at his bifurcated sentencing hearing. *Id.* at 872-73 (¶16). The Mississippi Supreme Court held that the "[trial] judge's sentencing [the defendant] without admitting the prior convictions into evidence constitute[d] reversible error." *Id.* at 873 (¶16). In reaching this conclusion, the supreme court made clear that the State is responsible for "submit[ting] competent evidence of a defendant's prior conviction into the record through either exhibits or sworn testimony," and the State must do this "regardless of the judge's personal familiarity of the defendant's past sentencing judgments." *Id.*

In the case before us, Parker pleaded guilty to his principal crimes and likewise admitted, under oath, the facts establishing the underlying felony convictions supporting his non-violent habitual offender status. Additionally, unlike the defendant in *Ward*, Parker made no objection at his plea and sentencing hearing to the purported lack of proof supporting his prior felony offenses. As such, *Ward* does not apply here.

7

### III. Length of Sentence

¶15.    Parker asserts that the trial court also erred by failing to consider actuarial tables before sentencing him to what Parker claims is essentially a life sentence because he was fifty-four years old at the time of sentencing. We find that Parker has waived this assignment of error. Even if he had not waived it, his assertion is without merit.

¶16.    First, Parker waived this issue because he did not raise it in his PCR motion. Although he mentioned that "apparently" there were "mathematical errors" in the way his attorney applied certain actuarial tables, Parker did not argue that the trial court erred with respect to the application of, or the failure to apply, actuarial tables. "[A] defendant who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009); *Long v. State*, 982 So. 2d 1042, 1045 (¶13) (Miss. Ct. App. 2008) (finding that defendant's contention that the trial court erred in "fail[ing] to account for his age" in sentencing him was procedurally barred because the defendant did not raise the issue in the trial court).

¶17.    Second, Parker did not object to his sentences at his plea hearing, nor did Parker provide the trial court with actuarial tables at that hearing. His claim is waived on appeal for these additional reasons. *See Hampton v. State*, 148 So. 3d 1038, 1041-43 (¶¶9-16) (Miss. Ct. App. 2013) (finding that the defendant waived his claim that his sentence was "illegal" because it exceeded his life expectancy where he did not "register any objection to his

8

sentence at trial" or submit any evidence at trial, like actuarial tables, supporting his contention).

¶18. Even if Parker had not waived this issue, we find that his contention fails on the merits. "A sentence is illegal when it exceeds the maximum authorized by law." *Hayes v. State*, 203 So. 3d 1144, 1146 (¶4) (Miss. Ct. App. 2016) (citing *Foreman v. State*, 51 So. 3d 957, 962 (¶11) (Miss. 2011)). That is not the case here.

¶19. The trial court sentenced Parker as a non-violent habitual offender to serve twenty-five years (Count I) and ten years (Count II) consecutively, with the ten-year sentence suspended and five years of post-release supervision, leaving Parker to serve twenty-five years in the custody of the MDOC. This sentence is well within the maximum allowed by the applicable statutes.

¶20. In particular, under the aggravated DUI statute, the trial court could sentence Parker to any sentence between five and twenty-five years for each of the two counts against him. Miss. Code Ann. § 63-11-30(5) (Supp. 2016). Additionally, because Parker pleaded guilty as a non-violent habitual offender, as addressed above, the trial court could have sentenced Parker to the "maximum term of imprisonment prescribed for [aggravated DUI]." Miss. Code Ann. § 99-19-81.[4] At Parker's plea hearing, the trial court made sure that Parker knew

---

[4] In 2017, section 99-19-81 provided that a non-violent habitual offender "shall be sentenced to the maximum term of imprisonment prescribed for [the underlying] felony, and such sentence shall not be reduced or suspended . . . ." Miss. Code Ann. § 99-19-81 (Rev. 2015). We recognize that the trial court imposed a suspended ten-year sentence with respect to Count II for aggravated DUI. We simply note that Parker does not assert, nor could he,

the maximum sentence he would receive as a non-violent habitual offender was twenty-five years on each count.

¶21. Parker asserts that the trial court erred by failing to consider actuarial tables before imposing his sentences. But "[w]hen the Legislature has affixed a set term of years as the maximum sentence and has allowed that sentence to be imposed by a trial judge, the trial judge is not required to apply a term less than [the maximum sentence] in accordance with actuarial tables." *Hayes*, 203 So. 3d at 1146 (¶5) (quoting *Long*, 982 So. 2d at 1045 (¶14)). Indeed, as we have noted, Parker never supplied any actuarial tables to the trial court or even objected to his sentences on this basis.

¶22. In short, the trial court sentenced Parker within the statutory limits of the applicable statutes and acted within its discretion when it sentenced Parker as a non-violent habitual offender to a term of thirty-five consecutive years, with ten years suspended and twenty-five years to serve. As such, we find that Parker's assertion that his sentence is "illegal" because it purportedly exceeds his life expectancy is without merit.

¶23. In sum, we find that Parker's "illegal sentence" assertions lack merit and that they therefore do not overcome the procedural time-bar. Accordingly, we find that the circuit court did not err in denying Parker's PCR motion. We affirm the circuit court's judgment.

---

that this amounts to an "illegally lenient sentence" under section 99-19-81. *See, e.g.*, *Ramsey*, 290 So. 3d at 1284 (¶9) (recognizing that "our Supreme Court 'repeatedly has held' that a defendant cannot complain of a sentence that is 'illegally lenient'") (quoting *Williams v. State*, 158 So. 3d 309, 313 (¶12) (Miss. 2015)).

¶24. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**